IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ERICA HUGHES,
      Petitioner,

vs.                        Case No.:  3:17cv431/LAC/EMT

DEPARTMENT OF CORRECTIONS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed an answer and relevant portions of the state court record (ECF No. 13).  Petitioner filed a reply (ECF No. 15).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal habeas relief.

## I.  BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 13).[1]  Petitioner was charged in the Circuit Court for Okaloosa County, Florida, with the following counts in the following cases:

Case No.  2015-CF-323:

| | |
|---|---|
| Count 1: | possession of methamphetamine (third degree felony, 5-year maximum) |
| Count 2: | possession of cocaine (third degree felony, 5-year maximum) |
| Count 3: | possession of marijuana (first degree misdemeanor, 1-year maximum) |
| Court 4: | possession of drug paraphernalia (first degree misdemeanor, 1-year maximum) |

Case No. 2015-CF-817:

| | |
|---|---|
| Count 1: | trafficking in methamphetamine (first degree felony, 30-year maximum) |
| Count 2: | possession of listed chemicals (second degree felony, 15-year maximum) |
| Count 3: | possession of marijuana (first degree misdemeanor, 1-year maximum) |

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted by Respondent (ECF No. 13).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.:  3:17cv431/LAC/EMT

Case No.  2015-CF-2476:

> Count 1:    fraudulent use of a credit card (third degree felony, 5-year maximum)
>
> Count 2:    grand theft (third degree felony, 5-year maximum)

(*see* Exs. C, D).

On January 4, 2016, Petitioner entered a written Plea and Sentencing Agreement, pursuant to which she agreed to plead nolo contendere to all of the charges (Ex. C).  The terms of the plea agreement were the following:

> 15-817 – Adjudication of guilt; 15 years DOC minimum mandatory; $250,000 fine plus 5% surcharge, $1,040 court costs, $150 PD fee, CTS
>
> 15-323 – Adjudication of guilt; 56.7 months DOC concurrent; $515 court costs, $100 PD fee, CTS
>
> 15-2476 – Adjudication of guilt; 56.7 months DOC concurrent; $515 court costs, $100 PD fee, CTS; restitution to Leeanna Owens $360 and Louis DeLange $960
>
> Time served on all misdemanor [sic] counts
>
> All costs to collections; fines and restitution to civil lien

(Ex. C).  At a hearing the same day, the trial court accepted Petitioner's plea, adjudicated her guilty of the charges, and sentenced her in accordance with the plea agreement (Ex. D).  Petitioner did not appeal the judgment.

On February 25, 2016, Petitioner filed a motion to reduce sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. E).  The circuit court dismissed the motion with prejudice on March 23, 2016 (Ex. F).

On May 20, 2016, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. G at 1–8).  The state circuit court dismissed the motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within sixty (60) days (*id.* at 17–18).  Petitioner filed a timely amended motion (*id.* at 19–26).  The circuit court again dismissed the motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within sixty (60) days (*id.* at 35–40).  Petitioner filed a second amended motion (*id.* at 37–44).  The state circuit court summarily dismissed the motion with prejudice on August 25, 2016 (*id.* at 53–56).  Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-3243 (*see id.* at 64).  The First DCA affirmed the decision per curiam without written opinion on May 17, 2017.  Hughes v. State, 226 So. 3d 817 (Fla. 1st DCA 2017) (Table).

Petitioner filed the instant federal habeas action on June 23, 2017 (ECF No. 1).

## II.    STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody

pursuant to 28 U.S.C. § 2254.  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.

Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim—
>
> > **(1)**  resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > **(2)**  resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court explained the framework for § 2254 review

in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  The

appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by this
> court on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts.  Under
> the "unreasonable application" clause, a federal habeas court may grant
> the writ if the state court identifies the correct governing legal principle

from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Employing the Williams framework, on any issue presented in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  *See* Thaler v. Haynes, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); Woods v. Donald, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only

if either the reasoning or the result contradicts the relevant Supreme Court holdings. Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. See Woods, 135 S. Ct. at 1377 (holding, as to claim that counsel was per se ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. See Panetti v. Quarterman, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's holdings. The federal court defers to the

state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court.  <u>Williams</u>, 529 U.S. at 409; *see* <u>Holland v. Jackson</u>, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam).   In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."   <u>Harrington</u>, *supra*, at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

<u>Woods</u>, 135 S. Ct. at 1376 (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on an unreasonable fact finding.  *See* <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1292 (11th Cir. 2011).   As with the "unreasonable

application" clause, the federal court applies an objective test.  Miller-El v. Cockrell,

537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state

court decision based on a factual determination "will not be overturned on factual

grounds unless objectively unreasonable in light of the evidence presented in the state

court proceeding.").  Federal courts "may not characterize . . . state-court factual

determinations as unreasonable merely because we would have reached a different

conclusion in the first instance."  Brumfield v. Cain, — U.S. —, 135 S. Ct. 2269,

2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all

factual determinations made by the state court are correct.  28 U.S.C. § 2254(e)(1).

The petitioner bears "the burden of rebutting the presumption of correctness by clear

and convincing evidence."  *Id.*  Neither the Supreme Court nor the Eleventh Circuit

has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based

challenges to state court adjudications.  *See* Cave v. Sec'y for Dep't of Corr., 638

F.3d. 739 (11th Cir. 2011).  However, the Eleventh Circuit has declined to grant

habeas relief under § 2254(d)(2) in the context of a state appellate court's summary

affirmance, where it found that the validity of the state court decision was not

premised on the trial court's unreasonable fact finding, and that the petitioner failed

to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." <u>Gill</u>, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* <u>Panetti</u>, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." <u>Richter</u>, 562 U.S. at 102.

Within this framework, the court will review Petitioner's claim.

III.    PETITIONER'S CLAIM

<u>"Ineffective assistance of counsel for failure to file a motion to suppress evidence causing the entry of an involuntary plea."</u>

Petitioner alleges that on April 17, 2015, the Crestview Police Department conducted a "knock and talk" at a residence located at 564 Panama Drive, after receiving anonymous complaints concerning illegal drug activity (ECF No. 1 at 4). Petitioner alleges the Crestview Police Department Special Enforcement Team, including Detective Daniel J. Haun, Sgt. Lewis, Investigator Reed, and Investigator Kraus, went to the residence to investigate the complaints (*id.*). Petitioner alleges the

officers did not have a warrant (*id.*).  Petitioner alleges the officers entered the residence without a warrant or valid consent from Petitioner or her co-defendant, and with no exigent circumstances justifying their entry (*id.*).  Petitioner alleges the officers' entry led to the discovery and seizure of evidence (*id.*).  Petitioner contends if defense counsel had filed a motion to suppress, the trial court would have been required to make a determination as to the validity of the officers' entry (*id.*).  Petitioner contends this determination would have either established that she had a viable defense or preserved the suppression issue for direct appeal (*id.*).  Petitioner alleges there is a reasonable probability she would not have entered the plea agreement and instead would have insisted on going to trial if counsel had filed a motion to suppress (*id.*).

Respondent asserts an exhaustion defense (ECF No. 13 at 17–19).  Respondent argues that although Petitioner presented this issue in her Rule 3.850 motion, the circuit court did not review the merits of the claim and instead dismissed it on procedural grounds (i.e., as facially insufficient, because Petitioner failed to allege prejudice) (*id.*).  Respondent contends the claim is thus procedurally barred (*id.*).  Respondent contends Petitioner has not offered justifiable cause for her failure to

properly present the claim to the state courts, nor can Petitioner establish prejudice, because there was no Fourth Amendment violation (*id.* at 21–27).

In Petitioner's reply, she argues the merits of the Fourth Amendment issue (*see* ECF No. 15).  Petitioner also claims that counsel's failure to file a motion to suppress "caused her to enter an ill advised nolo condendere [sic] plea," and that "absent counsel's error she would have instead pursued a jury trial" (*id.* at 1).

A.    Clearly Established Federal Law

A defendant's Sixth Amendment right to counsel extends to the plea-bargaining process.  Lafler v. Cooper, 566 U.S. 156, 162–63, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) (citing Missouri v. Frye, 566 U.S. 133, 145, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), and McMann v. Richardson, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)).  "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."  Lafler, 566 U.S. at 168. The two-part test articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) applies to claims that counsel was ineffective during the plea process.  Lafler, 566 U.S. at 162–63 (applying Strickland's two-part test to federal habeas petitioner's claim that counsel was ineffective for advising him to reject a plea offer); Frye, 132 S. Ct. at 1404, 1409–10 (applying Strickland's two-part

test to federal habeas petitioner's claim that counsel was ineffective for failing to communicate a prosecution plea offer before it lapsed); Hill v. Lockhart, 474 U.S. 52, 48, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (applying Strickland's two-part test to defendant's challenge to guilty plea based on ineffective assistance of counsel).

Strickland's first prong requires a defendant to show "'that counsel's representation fell below an objective standard of reasonableness.'" Hill, 474 U.S. at 57 (quoting Strickland, 466 U.S. at 688). The focus of inquiry under the performance prong of the Strickland standard is whether counsel's assistance was "reasonable considering all the circumstances." Strickland, 466 U.S. at 691. The Supreme Court has warned about second-guessing professional judgments made by counsel:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court . . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

McMann, 397 U.S. at 769–70.

In a plea situation, counsel must provide advice "within the range of
competence demanded of attorneys in criminal cases."  Hill, 474 U.S. at 56–57
(quoting McMann, 397 U.S. at 771).  As the Supreme Court explained in Premo v.
Moore, 562 U.S. 115, 131 S. Ct. 733, 178 L. Ed. 2d 649 (2011):

> Plea bargains are the result of complex negotiations suffused with
> uncertainty, and defense attorneys must make careful strategic choices
> in balancing opportunities and risks.  The opportunities, of course,
> include pleading to a lesser charge and obtaining a lesser sentence, as
> compared with what might be the outcome not only at trial but also from
> a later plea offer if the case grows stronger and prosecutors find stiffened
> resolve.  A risk, in addition to the obvious one of losing the chance for
> a defense verdict, is that an early plea bargain might come  before the
> prosecution finds its case is getting weaker, not stronger.  The State's
> case can begin to fall apart as stories change, witnesses become
> unavailable, and new suspects are identified.
>
>   These considerations make strict adherence to the Strickland
> standard all the more essential when reviewing the choices an attorney
> made at the plea bargain stage.  Failure to respect the latitude Strickland
> requires can create at least two problems in the plea context.  First, the
> potential for the distortions and imbalance that can inhere in a hindsight
> perspective may become all too real.  The art of negotiation is at least as
> nuanced as the art of trial advocacy, and it presents questions farther
> removed from immediate judicial supervision.  There are, moreover,
> special difficulties in evaluating the basis for counsel's judgment:  An
> attorney often has insights borne of past dealings with the same
> prosecutor or court, and the record at the pretrial stage is never as full as
> it is after a trial.  In determining how searching and exacting their review
> must be, habeas courts must respect their limited role in determining
> whether there was manifest deficiency in light of information then

available to counsel. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). AEDPA compounds the imperative of judicial caution.

Second, ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. <u>Strickland</u> allows a defendant "to escape rules of waiver and forfeiture," <u>Richter</u>, 562 U.S. at 105, 131 S. Ct. 770. Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of <u>Strickland</u>. The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude <u>Strickland</u> mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.

Whether before, during, or after trial, when the Sixth Amendment applies, the formulation of the standard is the same: reasonable competence in representing the accused. <u>Strickland</u>, 466 U.S. at 688, 104 S. Ct. 2052. In applying and defining this standard substantial deference must be accorded to counsel's judgment. *Id.* at 689, 104 S. Ct. 2052. But at different stages of the case that deference may be measured in different ways.

In the case of an early plea, neither the prosecution nor the defense may know with much certainty what course the case may take. It follows that each side, of necessity, risks consequences that may arise from contingencies or circumstances yet unperceived. The absence of a developed or an extensive record and the circumstance that neither the prosecution nor the defense case has been well defined create a particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered.

<u>Premo</u>, 562 U.S. at 124–26.

Strickland's prejudice prong requires a defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of pleas, "[t]he . . . 'prejudice' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59.

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. Strickland, 466 U.S. at 698; Collier v. Turpin, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). As the court explained in Richter:

> Even under de novo review, the standard for judging counsel's representation is a most deferential one.
> . . . .
> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," *id.* at 689, 104 S. Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333 n.7, 117 s. Ct. 2059, 138 L. Ed. 2d 481 (1997), and when the two apply in tandem, review is "doubly" so, Knowles [v. Mirzayance], 556 U.S. [111,] 123, 129 S. Ct. [1411,] 1420[, 173 L. Ed. 2d 251 (2009)]. The Strickland

standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at 123, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Richter, 562 U.S. at 105.

### B.    Federal Review of State Court Decision

The state court record demonstrates that Petitioner presented this ineffective assistance of trial counsel ("IATC') claim as Ground One of her Second Amended Rule 3.850 motion (Ex. G at 39–42). The state circuit adjudicated the claim as follows:

> After reviewing the instant motion, the Court finds that the motion is still facially insufficient. Defendant claims that trial counsel was ineffective for failing to file a motion to suppress. She alleges that, if counsel had filed a motion, then the Court would have been required to rule on the motion. She also alleges that, if the Court had denied the motion, then the issue would have been preserved for appellate review. She does not, however, allege that the motion would have been successful. *See Kormondy v. State*, 983 So. 2d 418, 429–30 (Fla. 2007) ("[I]n order to establish prejudice as a result of trial counsel's withdrawal of Kormondy's motion to suppress, Kormondy must demonstrate that the motion to suppress would have been successful, that is, the evidence would have been excluded."); *Strobridge v. State*, I So. 3d 1240, 1242 (Fla. 4th DCA 2009) ("The prejudice in counsel's deficient performance is assessed based upon its effect on the results at trial, not on its effect on appeal."). Because she has been given two opportunities to amend, the Court concludes that the instant motion should be dismissed with

prejudice.  *See* Fla. R. Crim. P. 3.850(f)(2); *Nelson v. State*, 977 So. 2d 710, 711–12 (Fla. 1st DCA 2008); *Oquendo v. State*, 2 So. 3d 1001, 1006 (Fla. 4th DCA 2008).

Even if the Court found that the instant motion was facially sufficient, the Court would nevertheless conclude that the motion should be denied.  In the probable cause addendum,[FN 1] which was incorporated by reference into the plea agreement[FN 2] and agreed to by Defendant as the factual basis for the plea, the officer stated the following:  the co-defendant entered the residence and left the front door open allowing the officers into the residence; the co-defendant then retrieved a bag and indicated that all the items he used to manufacture methamphetamine were inside the bag; and a search warrant was obtained based on the officer's observation of the items inside the bag. In the motion, Defendant acknowledges that the co-defendant entered the residence and left the front door open allowing the officers into the residence.  Based on those facts, if trial counsel had filed a motion to suppress, the Court would have denied the motion because the co-defendant's conduct conveyed his consent for the officers to enter the residence.  *See State v. Gamez*, 34 So. 3d 245, 247 (Fla. 2d DCA 2010).

[FN 1:  Exhibit A.]

[FN 2:  Exhibit B.]

(Ex. G at 54–55).  The First DCA affirmed the decision without written opinion.

Hughes v. State, 226 So. 3d 817 (Fla. 1st DCA 2017) (Table).

In disposing of the claim, the state court did not base it disposition of the IATC

claim on a state procedural rule or bar.  Instead, the court considered the sufficiency

of Petitioner's allegations, specifically, whether the allegations sufficiently alleged

prejudice.  As discussed *supra*, prejudice is one of the two elements of an IATC claim

under <u>Strickland</u>.  Therefore, the state court's rejection of Petitioner's claim was an adjudication on the merits.  *See* <u>Borden v. Allen</u>, 646 F.3d 785, 808–16 (11th Cir. 2011) (rejecting district court's conclusion that petitioner's ineffective assistance of counsel claims were procedurally barred where state court ruled that petitioner's vague assertions and unsupported conclusions were insufficient to withstand summary dismissal because they failed to contain the required specificity and full disclosure of the factual basis, and holding that state court's disposition was an adjudication on the merits; therefore, review of state court decision under deferential standard of AEDPA was appropriate); <u>Owen v. Sec'y for Dep't of Corr.</u>, 568 F.3d 894, 913 (11th Cir. 2009) (rejecting State's procedural default argument; holding that Florida Supreme Court's rejection of petitioner's ineffective assistance claim as insufficiently pled because petitioner failed to identify any specific evidence in the record supporting it, constituted a ruling on the merits and was not a procedural bar ruling); *see also* <u>Boyd v. Comm'r, Ala. Dep't of Corr.</u>, 697 F.3d 1320, 1331 n.3 (11th Cir. 2012) (noting, in concluding that state court's rejection of claim for failure to plead a claim under Alabama's criminal procedure rules, that:  "We have also concluded that a dismissal for facial insufficiency under Florida's criminal procedure rules is a ruling on the merits." (citing <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1285–86 (11th Cir.

2012)).  The court thus rejects Respondent's procedural bar argument and will determine whether Petitioner has shown that the state court's adjudication of the merits of the IATC claim was contrary to or an unreasonable application of Strickland, or based upon an unreasonable determination of the facts.

"In cases like this one, where a petitioner faults his lawyer for failing to pursue a motion to suppress prior to entering a plea, both the deficient performance and prejudice prongs of Strickland turn on the viability of the motion to suppress." Arvelo v. Sec'y, Fla. Dep't of Corr., 788 F.3d 1345, 1348 (11th Cir. 2015).  For the prejudice prong, this is because a non-meritorious motion to suppress would not have affected the outcome if the defendant had rejected the plea and proceeded to trial.  *Id.*  Thus, the federal habeas court must determine whether a motion to suppress would have succeeded.  In the instant case, the court must resolve whether the officers' entry into the residence was legal.

Police may search a home without a warrant if they "obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area."  Georgia v. Randolph, 547 U.S. 103, 106, 126 S. Ct. 1515, 164 L. Ed. 2d 208 (2006); *see also* United State v. Matlock, 415 U.S. 164, 170–71, 94 S. Ct. 988,

39 L. Ed. 2d 242 (1974) (voluntary consent of any joint occupant of a residence to search the premises jointly occupied is valid against the co-occupant).

Here, the state court determined that Petitioner's co-defendant consented to the officers' entry into the residence. The court's determination was based upon the Addendum of Probable Cause attached to the Crestview Police Department Arrest Report, and the written plea agreement signed by Petitioner, which included Petitioner's agreement that the probable cause affidavit provided the factual basis for her plea. The state court attached both of those documents to its order adjudicating Petitioner's IATC claim (*see* Ex. G at 54–63).

The state court's factual determination was not objectively unreasonable, *see* 28 U.S.C. § 2254(d)(2). The probable cause addendum states, in relevant part:

> After receiving numerous complaints in reference to the residents of 564 Panama Drive in reference to illegal narcotic activity the Crestview Police Department Special Enforcement Team decided to attempt to speak to the Co-Defendant [Gregory Allan Foss, Jr.]. Sergeant Lewis and I [Investigator J.R. Reed] approached the front door of the residence and knocked on the front door. A short time later the Co-Defendant answered the door. We spoke to the Co-Defendant about his vehicle's door being left open and the vehicle running unattended, as it was discovered upon walking up to the residence. The Co-Defendant stated the vehicle was running to maintain the battery as he did not have power and/or water turned on at the residence and was using a power inverter to power a floor fan inside the residence.

Sergeant Lewis and I informed the Co-Defendant that we were aware he was manufacturing and selling Methamphetamine in his residence.  The Co-Defendant stated he understood and agreed to stop manufacturing and selling Methamphetamine.  Sergeant Lewis asked the Co-Defendant if he possessed anything inside the residence.  The Co-Defendant stated he would get rid of the items inside the residence.  The Co-Defendant stated he would dispose of the items today when asked when he would be disposing of the items.  Sergeant Lewis asked the Co-Defendant to dispose of the items while we were there.  The Co-Defendant entered the residence and left the front door open allowing us into the residence. The Co-Defendant retrieved a blue gym style bag and stated the bag contained all the items he used to manufacture Methamphetamine.  I observed the contents inside the bag and observed a gas mask, Lye and Ammonium Nitrate.

Based upon the contents of the bag a search warrant was obtained for the residence.

(*see* Ex. G at 58).

Petitioner alleges the police report and probable cause affidavit do not indicate that her co-defendant, Gregory, gave the officers permission to enter the home, and that Gregory's leaving the door open after he entered the home was not an invitation for the officers to enter (*see* ECF No. 15 at 2).  Although the probable cause affidavit does not explicitly state whether Mr. Foss invited the officers into the residence, it supports a finding that he did.  The affidavit states that after Sergeant Lewis asked Foss to dispose of items he used to manufacture methamphetamine, Foss entered the residence, left the front door open allowing the officers to enter the residence, and

retrieved a bag and stated that it contained the items he used to manufacture methamphetamine.  Those statements support the state court's factual determination that Mr. Foss consented to the officers' entering the home.  *See* <u>Lynch v. Sec'y, Fla. Dep't of Corr.</u>, 776 F.3d 1209, 1220 (11th Cir. 2015) (state court's determination that officers had consent to enter home shared by defendant and his wife was not objectively unreasonable; although wife's deposition did not explicitly state whether she invited the police into the home, she stated she called 911, told them that her husband claimed to have killed someone, asked them to investigate, and "thought he [the responding officer] was there to investigate or something;" these statements supported state court's factual determination that police obtained wife's consent before entering home).

Petitioner has failed to demonstrate, by clear and convincing evidence, that the state court's factual finding, that Mr. Foss's conduct conveyed his consent for the officers to enter the residence, was unreasonable.  In light this finding, the officers' entry was legal.  The trial court thus would have denied a motion to suppress.  And because a motion to suppress would have failed, the state court reasonably concluded that Petitioner could not show she was prejudiced by counsel's failure to file the

motion; in other words, Petitioner could not show she would have rejected the plea offer if counsel had filed a motion to suppress.

Petitioner failed to demonstrate that the state court's adjudication of Ground One was contrary to or an unreasonable application of Strickland, or based upon an unreasonable determination of the facts. Therefore, Petitioner is not entitled to federal habeas relief.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has

shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" <u>Buck v. Davis</u>, 580 U.S.—, 137 S. Ct. 773 (2017) (citing <u>Miller-El</u>, 537 U.S. at 327).  Here, Petitioner cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of November 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.